UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICIO OVIDIO MAJANO MENDOZA,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No.  1:26-cv-01976-DAD-CSK

ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 3)

On March 12, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release from custody.  (Doc. No. 2.)  In support of his petition for writ of habeas corpus and motion for temporary restraining order, petitioner alleges, and respondents do not dispute, the following.

/////

/////

/////

/////

1

Petitioner is a native and citizen of El Salvador.  (Doc. No. 1 at ¶ 7.)  Petitioner entered the United States in or about 1998 without inspection.  (*Id.* at ¶ 8.)  On October 1, 2002, petitioner obtained Temporary Protected Status ("TPS")[1].  (*Id.* at ¶¶ 10–11.)  In order to obtain TPS, petitioner was fingerprinted and underwent background checks.  (*Id.* at ¶ 10.)   Petitioner did not continue renewing TPS because his application contained an incorrect birth date due to attorney error.  (*Id.* at ¶ 11.)  Petitioner was detained by ICE on February 18, 2026.  (*Id.* at ¶ 17.)

On March 12, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release.  (Doc. No. 5.)

On March 17, 2026, respondents filed an opposition to petitioner's motion for a temporary restraining order and petition for writ of habeas corpus.  (Doc. Nos. 8, 9.)  Therein, respondents concede that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order."  (Doc. No. 9 at 1.)  The court presumes from the context of this statement that respondents are referring to its minute order directing them to address this court's decision in *Ayala Cajina*.  In addition, respondents state that they do not oppose the court converting petitioner's motion for a temporary restraining order to a motion for preliminary injunction, nor do they oppose the court resolving the merits of the underlying habeas petition based upon the current briefing.  (*Id.* at 3.)  Still, respondents oppose petitioner's motion based on the reasons set forth in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir.

---

[1]  "As part of the Immigration Act of 1990, Congress created the TPS program. The TPS program provides humanitarian relief to foreign nationals from specified countries.  8 U.S.C. § 1254a; *Sanchez v. Mayorkas*, 593 U.S. 409, 412 (2021).  The Secretary of the Department of Homeland Security ("DHS") may designate a foreign country for TPS when individuals from that country cannot safely return due to armed conflict, natural disaster, or other extraordinary and temporary circumstances.  *See* 8 U.S.C. § 1254a(b).  While a non-citizen has TPS, they cannot be removed from the United States and can engage in employment.  8 U.S.C. § 1254a(a)(1).  El Salvador was designated for TPS in March 2001."  *Rivas Velasquez v. Warden*, No. 1:25-cv-01818-CSK, 2026 WL 494475, at *1 n. 2 (E.D. Cal. Feb. 23, 2026).

Feb. 6, 2026).  (*Id.*)  The court recently explained why it finds the reasoning of the majority in *Buenrostro-Mendez* to be unpersuasive.  *See Iskandar Wasef v. Chestnut*, et al., 1:26-cv-01078-DAD-JDP, 2026 WL 392389 (E.D. Cal. Feb. 12, 2026).  The court incorporates that reasoning here.

Petitioner's grant of TPS appears to have been a determination that he was not flight risk or a danger to the community.  *See Hernandez Lazo v. Noem*, No. 2:25-cv-06639-NJC, 2026 WL 303430, at *15 (E.D.N.Y. Feb. 4, 2026) ("USCIS's decision to renew [the petitioner's] TPS, therefore, necessarily involved the determination that he posed no flight or public safety risk.").  Respondents have not suggested that petitioner was detained due to any change in circumstances which would render him a flight risk or danger to the community.  (*See D*oc. Nos. 8, 9.)  Because respondents have conceded that this case is not substantively distinct from the situation addressed in the court's prior order in *Ayala Cajina*, the court incorporates and adopts the reasoning set forth in that order here and finds that petitioner's continued detention violates due process.

For the reasons explained above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

a.      Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his February 18, 2026 detention;

b.      Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

c.      Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion;

3

2.      Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting him habeas relief; and

3.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **March 17, 2026**                          _Dale A. Drozd_
                                                      DALE A. DROZD
                                                      UNITED STATES DISTRICT JUDGE

4